IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | Criminal Action No. |
|---|---|
| v. | 1:19-CR-297-ELR-JSA |
| PETER TARANTINO | |

**United States' Response to Defendant Peter Tarantino's Motion to Sever Defendants**

The United States of America, by Byung J. Pak, United States Attorney, and Thomas J. Krepp and Annalise K. Peters, Assistant United States Attorneys for the Northern District of Georgia, files this Response to Defendant Peter Tarantino's Motion to Sever Defendants.

**1. Background Information**

On August 13, 2019, the grand jury returned an indictment against defendants Todd Chrisley, Julie Chrisley (hereinafter, "the Chrisley defendants"), and Peter Tarantino. (Doc. 1). Tarantino is charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 9), and two counts aiding the filing of a false tax return (Counts 11 and 12). He was arraigned on these charges on August 15, 2019. (Doc. 16).

On December 20, 2019, Tarantino filed a number of motions, including a motion to sever defendants, (Doc. 38), which the United States responds to here. For the reasons that follow, the motion should be denied.

## 2. Legal Standard

Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of two or more defendants in a single indictment if "they are alleged to have participated in the same act or transaction…constituting an offense." Fed. R. Crim. P. 8(b). In general, defendants who are charged under the same indictment are tried together, and "defendants charged with a common conspiracy *should* be tried together." *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (emphasis added); *see also United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007) (same); *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 937 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together"). This is not an ironclad rule, but the "exceptional circumstances justifying a deviation from the rule [] are few and far between." *Lopez*, 649 F.3d at 1234.

Rule 14 exists to address the "exceptional circumstances." *Id.* It allows severance of defendants joined under Rule 8(b) where the joinder creates the potential for prejudice to a defendant. Fed. R. Crim. P. 14. "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts," and any determination can be reviewed only for abuse of discretion. *United States v. Webman*, 1:13-CR-25-SCJ-JFK (N.D. Ga. 2014), 2014 U.S. Dist. LEXIS 27504, *37 (citing *Zafiro*, 506 U.S. at 540, 113 S. Ct. at 939)).

A defendant meets his burden to prove "exceptional circumstances" warranting a severance only upon a demonstration of "compelling prejudice"

that results in fundamental unfairness. *Lopez*, 649 F.3d at 1234; *see also United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005); *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). "This is a heavy burden, and one which mere conclusory allegations cannot carry." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (internal quotations omitted); *see also Browne*, 505 F.3d at 1268. Additionally, a defendant must show "that a severance is the only proper remedy for that prejudice – jury instructions or some other remedy short of severance will not work." *Lopez*, 649 F.3d at 1234 ("Because limiting instructions usually will cure any prejudice resulting from a joint trial, the Supreme Court has indicated that severances need be granted only if there is a serious risk that a joint trial would either compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence even if limiting instructions are given.") (internal quotations and citations omitted). In *Zafiro*, the Supreme Court specifically noted that even if prejudice is shown or if the risk of prejudice is high, severance is not required because "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." 506 U.S. at 539, 113 S. Ct. at 938.

Moreover, when making its determination, the court should balance any prejudice suffered by the defendant with the public's interest in judicial economy and efficiency. *See United States v. Cross*, 928 F.2d 1030, 1037 (11th Cir. 1991); *United States v. Hernandez*, 921 F.2d 1569, 1578 (11th Cir. 1991).

In interpreting Rule 14, the Eleventh Circuit has identified four types of prejudice that may justify severance: (1) where defendants intend to present

3

antagonistic defenses; (2) "where one defendant would exculpate the moving defendant in a separate trial, but will not testify in a joint setting[;]" (3) "where inculpatory evidence will be admitted against one defendant that is not admissible against the other[;]" and (4) where a cumulative "'spill over' effect may prevent the jury from" making an "individualized determination" as to the guilt or innocence of each defendant." *United States v. Chavez*, 584 F.3d 1354, 1360-61 (11th Cir. 2009) (internal citations omitted).

As a matter of policy, these rules make good sense. "Joint trials play a vital role in the criminal justice system." *Zafiro*, 506 U.S. at 537, 113 S. Ct. at 937 (internal quotations omitted). A liberal severance policy would require federal prosecutors to present the same evidence regarding the same transaction or series of transactions multiple times, diverting government resources that could be put to better use elsewhere. *See id.* 506 U.S. at 540, 113 S. Ct. at 938 (noting that Rules 8(b) and 14 are designed to "avoid a multiplicity of trials"). Moreover, freely awarding severance would often frustrate the interests of justice by creating the potential for inconsistent verdicts. *See id.* 506 U.S. at 537, 113 S. Ct. at 937 (Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.") (internal quotations omitted).

3. **Tarantino Has Failed To Show That He Will Suffer Compelling Prejudice Absent A Severance.**

Despite the Supreme Court's stated preference for joint trials, Tarantino asks the Court to sever him from the Chrisley defendants and hold a separate trial for him, which would require two trials and two separate juries to hear evidence on

4

the charged tax conspiracy. Notably, Tarantino does not contend that this case presents *Bruton* issues, or misjoinder under Rule 8 (nor do the Chrisley defendants argue misjoinder), or that a co-defendant will exculpate him at a separate trial, or that the case involves antagonistic defenses among co-defendants. (Doc. 38). Instead, Tarantino argues he should be tried separately because the non-tax-related charges against the Chrisley defendants (Counts 1-8) "are likely to overwhelm the jury's attention" to the point that "the question of Tarantino's innocence or guilt will be lost in the shuffle." (*Id.* at 4).

Eleventh Circuit law does not support his position. "A defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants." *Schlei*, 122 F.3d at 984 (internal quotations omitted). This is true even when there is an "enormous disparity in the evidence admissible against him compared to the other defendants." *Id.*; *see also United States v. Hill*, 643 F.3d 807, 829-30 (11th Cir. 2011) (same). The Eleventh Circuit has articulated one of the problems with what Tarantino is asking the Court to do:

> If it were enough [to warrant severance whenever there are fewer charges and less evidence against one defendant than the others], in every joint trial the defendant facing the fewest charges with the least amount of evidence would be automatically entitled to a severance. Then, the next defendant left who faced the fewest charges and least amount of evidence would be automatically entitled to a severance, and so on, until only one or a few defendants remained in the trial. That cannot be, and it is not, the law.

5

*United States v. Hill*, 643 F.3d 807, 831-32 (11th Cir. 2011) (affirming denial of two defendants' motions to sever defendants where each was charged with only one of three conspiracies in the indictment).

Tarantino is similarly situated to the defendants in *Hill*. And he admits that a disparity in the amount of evidence admissible against him and the Chrisley defendants is insufficient to show the compelling prejudice that is required to justify a severance. (Doc. 38 at 9 (citing *Schlei*, 122 F.3d at 984)). The real problem, as he sees it, is that the Chrisley defendants are charged with "more (and different) offenses" than he is, and that the evidence on those other charges would "hinder[ the jury's] ability to reliability assess Tarantino's guilt or innocence." (*Id.*). But the defendants in *Hill* were in the same boat—facing charges in just one of three charged conspiracies—and that did not warrant a severance of defendants. *Hill*, 643 F.3d at 831-32.

Tarantino expresses two specific concerns—(1) that the alleged bank and wire fraud conspiracies "are more dramatic" than the tax conspiracy, enhancing the risk of prejudicial jury confusion, and (2) that those other charges mention the Chrisley defendants using other accountants, which could "confuse the jury" about Tarantino's involvement. (Doc. 38 at 10-11). But by Tarantino's own description of the charges, he should not be concerned. He explains that the bank and wire fraud charges "are different in kind" from the tax charges, notes that his "name never comes up in the Indictment's discussion of the other two conspiracies, as he has no involvement to discuss," and further notes that "the Indictment does not allege that [he] is temporally connected to the other

6

conspiracies." (Doc. 38 at 6-7). By Tarantino's own explanation of the charges, there is little to no risk of "prejudicial jury confusion"—and certainly not the kind of compelling prejudice required to warrant a severance of defendants. (Doc. 38 at 10). In short, Tarantino wants a severed trial because he thinks he has a better chance of acquittal. But "the fact that a defendant's chances of acquittal are materially better in separate trials is not enough." *Hill*, 643 F.3d at 834.

The cases Tarantino relies on, *United States v. Paul*, 150 F.R.D. 696 (S.D. Fla. 1993), and *United States v. Caldwell*, 594 F. Supp. 548 (N.D. Ga. 1984), are not like this one. In *Paul*, both defendants moved to sever, arguing in large part that a joint trial on all 100 counts in the indictment—which the government estimated would take more than four months—would "severely impact [] the Court's already overburdened calendar by effectively removing the Court from consideration of its massive case load for a substantial period of time, and basically impair the fair and efficient administration of justice." *Paul*, 150 F.R.D. at 697. In granting the severance, the court noted that a single trial would have been a "mega-trial" and emphasized the "inconvenience to the jurors of a trial of such proportions, as well as the undue demands upon counsel and the Court." *Id.* at 700. The court also noted that the case would "undoubtedly [] require less total trial time if divided into more than a single trial." *Id.* The instant case, involving far less evidence and witnesses, will present no "mega-trial." And it cannot be said that severing Tarantino would "promote efficiency" or "serve the interests of justice," *Zafiro*, 506 U.S. at 537, 113 S. Ct. at 937, given that it would require the government to present substantially the same evidence on the tax

7

conspiracy charge to two different juries in different trials on the Court's calendar. The *Caldwell* case Tarantino cites presents the same problem. (Doc. 38 at 9-10). There, the court denied the exact request Tarantino is making, noting that "if any Defendant is severed from [a count in which multiple defendants are charged], then all of the government's proof would simply have to be duplicated in a separate trial pertaining to that Defendant." *Caldwell*, 594 F. Supp. at 552. The same is true here.

Even if Tarantino had demonstrated the existence of compelling prejudice, the Court could alleviate any prejudice through less extreme measures, like limiting instructions. Ordinarily, "any potential prejudice" can be avoided "by instructing the jury that [e]ach offense, and the evidence pertaining to it, should be considered separately and that each defendant should be considered separately and individually." *Schlei*, 122 F.3d at 984 (internal quotations omitted); *see also Zafiro*, 506 U.S. at 540 (acknowledging that even when some risk of prejudice is present, it can be cured with proper instructions from the court); *United States v. Kennard*, 472 F.3d 851, 859 (11th Cir. 2006) ("cautionary instruction[s] ordinarily will mitigate the potential spillover effect of evidence of a co-defendant's guilt."). This practice of giving limiting instructions aligns with the "strong presumption ... that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered." *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004); *see also Zafiro*, 506 U.S. at 540, 113 S. Ct. at 939 ("juries are presumed to follow their instructions").

Tarantino has not shown, nor has he argued, that limiting instructions would be inadequate to cure any potential prejudice in a joint trial with the Chrisley defendants. Absent such a showing, severance is inappropriate.

**4. Conclusion**

For the reasons stated above, the United States respectfully requests that the Court deny defendant Peter Tarantino's Motion to Sever Defendants.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

/s/THOMAS J. KREPP
*Assistant United States Attorney*
Georgia Bar No. 346781
thomas.krepp@usdoj.gov

/s/ANNALISE K. PETERS
*Assistant United States Attorney*
Georgia Bar No. 550845
annalise.peters@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by emailing a copy to defense counsel:

        Counsel for Todd Chrisley

        Counsel for Julie Chrisley

        Counsel for Peter Tarantino

February 7, 2020

        /s/ THOMAS J. KREPP

        THOMAS J. KREPP

        *Assistant United States Attorney*