# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| v. ] | File No. 1:19-CR-00297-ELR-JSA |
| ] | |
| TODD CHRISLEY a/k/a ] | |
| MICHAEL TODD CHRISLEY, ] | |
| JULIE CHRISLEY, and ] | |
| PETER TARANTINO, ] | |
| ] | |
| Defendants. ] | |

## DEFENDANT PETER TARANTINO'S RESPONSE TO THE GOVERNMENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION TO SEVER

In a well-reasoned and thorough order, the Magistrate Judge concluded that the specific and unique facts of this case warrant a severance. The Government disagrees, rehashing many of the same arguments already rejected and proposes as a "cure" instructions and redactions that will only make the matter *worse* for Peter Tarantino. The Court should adopt the Report and Recommendation, sever Mr. Tarantino, and hold separate trials.

As set forth in the Report and Recommendation, the Government alleges three separate conspiracies in the same indictment in this case. Of those three conspiracies, the third—and the only one involving Defendant Peter Tarantino—is

a conspiracy to defraud the Internal Revenue Service in which Tarantino did not allegedly participate until 2016. The Indictment makes no effort to connect this third conspiracy to either of the other two and, more importantly, does not connect Tarantino to any of the acts involved in the first two conspiracies. *See* Doc. 103 at 4. Put simply, as the Report recognizes, Mr. Tarantino allegedly plays a discrete role in a broad and factually nuanced evidentiary narrative. Significantly, as part of an alleged prior conspiracy not tied to Mr. Tarantino, Todd Chrisley made specific statements about hiring a "crooked" accountant to help accomplish an alleged criminal objective. *Id*. To be sure, though, the Court does not rely on just this email. Citing the email as illustrative of the problems with a joint trial, the Report then proceeded to balance the overall disparity in evidence and inefficiencies before concluding that a severance was the appropriate path forward. *Id*. at 6-7.

The Government filed objections to the Report and Recommendations. In its objections, the Government essentially makes two main arguments: (1) the Report simply reached the wrong conclusion, and (2) the Report fails to consider any possible alternatives to severance.

As to the first argument, the Government concedes severance is a matter of the Court's discretion. Doc. 118 at 8. Yet, despite the Report's clear analysis, citation to authority (including Eleventh Circuit precedent), and articulation of

specific reasons rejecting the Government's prior responses, the Government insists that the Court's discretion should be exercised to reach the opposite conclusion. At one point in its objections, the Government attempts to frame the Report as one "[b]ased on one email referenced in the indictment." Doc. 118 at 1. This is not a fair characterization of the Report's analysis. Indeed, the Report and Recommendation thoroughly analyzed this issue by evaluating the overall evidence against Tarantino—finding the evidence "not in the same league" as that against the Chrisleys. *Id.* at 6. The Report then went on to discuss in specific detail how and why it reached that conclusion. Mr. Tarantino incorporates his previous arguments and defers to the persuasive analysis set forth in the Report. *Id*. The Report's analysis was comprehensive and accurately identified issues inherent with any joint trial.

As to its second point, the Government offers two "alternatives" that—in the Government's view—the Court should have considered: (1) that the Court give the jury a limiting instruction that they are not to draw any inferences against Mr. Tarantino from the explosive email discussed by the Report, or (2) the Government could redact part of the email. As a threshold matter, the Government does not contend the email (that would be the subject of the limiting instruction) would be admissible in a separate trial solely involving Mr. Tarantino. Understandably, the

3

email is a piece of the evidence the Government will almost certainly showcase in its case-in-chief against the Chrisleys—yet, while it also could be potentially explosive as to Mr. Tarantino, it is also patently inadmissible. The Government's proposed solution of highlighting this damaging piece of evidence through a specific instruction would only *exacerbate* the prejudice to Mr. Tarantino. By putting this specific email under a spotlight, the proposed "solution" would draw even more attention to something that otherwise would never even be mentioned in a severed trial of Mr. Tarantino. Likewise, redacting the email and replacing the word "accountant" with something else (professional or person) would only further signal to the jury that there is something specific and important as to this piece of evidence. Jurors would invariably question why a redaction was necessary and what was originally said. While it would be a show-stopping piece of evidence in its original unredacted state, making what would be an obvious redaction would only make matters worse by accentuating evidence that would not even be disclosed to the jury (in a severed trial).

The Report carefully evaluated the arguments of Mr. Tarantino and those of the Government—including its prior offer of an instruction—and concluded that severance was the only appropriate solution. As the Report noted, the allegations against Tarantino in the Indictment are significantly different from those against

4

the Chrisleys. Throwing three disparate conspiracies together in the same trial and hoping that the jury will be able to parse out a determination of Tarantino's culpability for the one in which he is alleged to have participated is a risk that this Court should not take. The jury likely will not be able to make a reliable assessment of Tarantino's innocence or guilt separate from the Chrisleys'. This Court should grant Tarantino's motion, sever him from the Chrisleys, and order him to be tried separately on Counts Nine, Eleven, and Twelve.

This 26th day of October 2021.

**GRIFFIN DURHAM TANNER & CLARKSON LLC**

By: */s/ Daniel P. Griffin*
    Daniel P. Griffin
    Georgia Bar No. 310760
    dgriffin@griffindurham.com

    J. Thomas Clarkson
    Georgia Bar No. 656069
    tclarkson@griffindurham.com

    75 14th Street, Suite 2130
    Atlanta, Georgia 30309
    Tel. No.: (404) 891-9151
    Fax No.: (404) 891-9150

    ***Attorneys for Defendant Peter Tarantino***

# **LR 7.1(D), NDGA. CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief was prepared with one of the fonts (Times New Roman) and point (at least 14 point) selections approved by the Court in LR 5.1C, NDGa.

This 26th day of October, 2021.

                                    By: */s/ Daniel P. Griffin*
                                          Daniel P. Griffin
                                          Georgia Bar No. 310760

                                          75 14th Street, Suite 2130
                                          Atlanta, Georgia 30309
                                          Tel. No.: (404) 891-9151
                                          Fax No.: (404) 891-9150
                                          dgriffin@griffindurham.com

                                          ***Attorney for Defendant Peter Tarantino***

# CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 26th day of October, 2021.

>By: */s/ Daniel P. Griffin*
>Daniel P. Griffin
>Georgia Bar No. 310760