3365

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

   -VS-                        DOCKET NO. 1:19-CR-00297-ELR-JSA

                                    VOLUME 15
TODD CHRISLEY,                  PAGES 3365-3403
JULIE CHRISLEY, AND
PETER TARANTINO,

       DEFENDANTS.

TRANSCRIPT OF JURY TRIAL PROCEEDINGS
BEFORE THE HONORABLE ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE
JUNE 7, 2022

APPEARANCES:

ON BEHALF OF THE GOVERNMENT:

     THOMAS J. KREPP, ESQ.
     ASSISTANT UNITED STATES ATTORNEY

     ANNALISE KATHLEEN PETERS, ATTORNEY AT LAW
     ASSISTANT UNITED STATES ATTORNEY

ON BEHALF OF THE DEFENDANT,
TODD CHRISLEY:

     BRUCE HOWARD MORRIS, ESQ.

ON BEHALF OF THE DEFENDANT,
JULIE CHRISLEY:

     CHRISTOPHER S. ANULEWICZ, ESQ.
     STEPHEN MICHAEL FRIEDBERG, ESQ.

ON BEHALF OF THE DEFENDANT,
PETER TARANTINO:

     DANIEL PATRICK GRIFFIN, ESQ.

ELIZABETH G. COHN, RMR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
ATLANTA, GEORGIA

3366

1                    I N D E X

2                                              PAGE

3    JURY QUESTIONS                            3367

4    JURY VERDICT                              3380

5    POLLING OF THE JURY                       3383

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3367

1          (ATLANTA, FULTON COUNTY, GEORGIA; JUNE 7, 2022, AT

2     9:30 A.M. IN OPEN COURT.)

3          THE COURT:  THANK YOU, SIR.  GOOD MORNING.

4          GOOD MORNING TO ALL OF YOU.  YOU MAY BE SEATED.

5          AND MAY I GET THE NOTE BACK?

6          MR. KREPP:  JUDGE, CAN WE JUST TAKE A PICTURE OF IT?

7          THE COURT:  YEAH.  PERFECT IDEA.  I WAS GOING TO SAY,

8     WE SHOULD PROBABLY TRY TO COPY IT BEFORE WE COME OUT HERE.  WE

9     TRIED TO GET OUT HERE AS QUICKLY AS POSSIBLE, BUT, YEAH.

10          (WHEREUPON, THERE WAS A PAUSE IN THE PROCEEDINGS.)

11          THE COURT:  ALL RIGHT.  WE HAVE TWO NOTES.  I AM

12     GOING TO START WITH THE SECOND ONE BECAUSE YOU ALL HAVE READ

13     AND PERHAPS PHOTOGRAPHED THE FIRST ONE.

14          THE SECOND ONE SAYS:  DOES THE INDICTMENT COUNT?

15          MR. MORRIS:  WHAT?

16          MR. KREPP:  WHAT?

17          THE COURT:  DOES THE INDICTMENT COUNT?

18          MR. MORRIS:  DOES THE INDICTMENT COUNT?  AS IN --

19          THE COURT:  THAT'S THE QUESTION.

20          I'VE NEVER SEEN QUESTIONS QUITE LIKE THIS.  I'LL PASS

21     THAT ONE AROUND IN A MOMENT.

22          THE FIRST QUESTION IS -- AND YOU ALL HAVE READ IT --

23     BUT:

24          - THE DEFENDANT DID SO WITH THE INTENT TO DO

25     SOMETHING.

3368

1              - THE DEFENDANT KNEW THE LAW FORBIDS.

2              AND I THINK THEY ARE JUST AT THAT PORTION TRACKING

3    LANGUAGE FROM THE CHARGE.

4              THEN THEY GO ON TO ASK THEIR QUESTION:  WHEN IT SAYS

5    "KNEW" IS IT TALKING ABOUT THE SUBMISSION OF THE DOCUMENT

6    DESPITE IT POTENTIALLY BEING FALSE OR THE ACTUAL FORM THAT WAS

7    SUBMITTED.

8              AND, AGAIN, THE SECOND ONE IS:  DOES THE INDICTMENT

9    COUNT.

10             I DON'T KNOW WHAT ANSWERS TO GIVE BECAUSE I DON'T

11   REALLY KNOW WHAT THEY ARE ASKING.  AND I DON'T EVEN KNOW WHAT

12   THEY ARE ASKING IN THE FIRST ONE, ALTHOUGH I THINK, TO ME, IT

13   SOUNDS LIKE WHAT THEY ARE ASKING IS WHETHER JUST SUBMITTING --

14   KNOWING YOU SUBMITTED A DOCUMENT IS A CRIME, VERSUS KNOWING YOU

15   SUBMITTED IT WITH FALSITIES.  THAT'S WHAT IT SOUNDS LIKE.

16             AND FROM MY MEMORY, THAT IS TRACKING LANGUAGE THAT

17   RELATED TO MR. TARANTINO, BUT I COULD BE WRONG ABOUT THAT.  IT

18   COULD APPEAR ELSEWHERE.

19             SECOND ONE I DON'T EVEN HAVE ANY GUESSES ON WHAT THAT

20   MEANS.

21             MR. KREPP:  I THINK ON THE SECOND ONE, YOUR HONOR --

22   I DON'T KNOW IF EVERYBODY ELSE AGREES -- I DON'T KNOW WHERE YOU

23   SAID --

24             THE COURT:  INDICTMENT IS NOT EVIDENCE OF GUILT?

25             MR. KREPP:  YEAH.  THAT'S, I THINK, REREADING THAT

3369

1    IT'S -- THAT'S THE LAW.  I MEAN, THE INDICTMENT IS NOT

2    EVIDENCE.  I MEAN, IT'S NOT -- I DON'T KNOW.  I'M TRYING TO GET

3    ON TOP OF PAGE TWO, THE INDICTMENT OR FORMAL CHARGE AGAINST THE

4    DEFENDANT IS NOT EVIDENCE OF GUILT.

5            THE COURT:  I DON'T KNOW IF THAT'S WHAT THEY ARE

6    ASKING.

7            MR. KREPP:  BUT MAYBE WE COULD SAY THAT AND THEN IF

8    THEY COME BACK -- IF THEY QUICKLY COME BACK, MAYBE YOU CAN TELL

9    THEM IF YOU -- YOU KNOW, IF THAT DOESN'T ADDRESS YOUR QUESTION,

10   GO BACK THERE, REWRITE YOUR QUESTION, BECAUSE WE DON'T KNOW

11   WHAT YOU'RE ASKING.  THAT'S THE ONLY THING I CAN THINK OF, YOUR

12   HONOR.

13           THE COURT:  I AM HESITANT TO -- IF I DON'T FEEL

14   PRETTY SURE THAT THEY ARE ASKING A CERTAIN QUESTION, I'M

15   HESITANT TO JUST START READING PORTIONS.  BUT I NOTE YOUR

16   PROPOSAL.

17           DEFENSE, ANYTHING?

18           THAT PROBABLY IS IT, MR. KREPP, BECAUSE I DON'T KNOW

19   WHAT ELSE THEY COULD BE ASKING ABOUT THE INDICTMENT; DOES THE

20   INDICTMENT COUNT.

21           MR. ANULEWICZ:  YOUR HONOR, THE ONLY THING I MIGHT

22   SAY IS -- BECAUSE THE INDICTMENT IS BACK THERE WITH THEM.

23           THE COURT:  YES.

24           MR. ANULEWICZ:  AND SO, I MEAN, ONE OF THE

25   SUGGESTIONS I HAVE IS THAT THE INDICTMENT IS SPECIFICALLY WHAT

3370

1    THEY'VE BEEN CHARGED WITH BY THE GOVERNMENT.  I MEAN, I KNOW

2    THAT WE'VE GONE THROUGH THE COUNTS AND READ THEM TO THEM, BUT

3    TO THE EXTENT THAT IT COUNTS, IT SEEMS THAT IT COUNTS AS TO

4    WHAT THE SPECIFIC CHARGES ARE THAT THE GOVERNMENT HAS RAISED

5    AGAINST THESE DEFENDANTS.

6              MR. MORRIS:  BUT IS NOT EVIDENCE.

7              MR. ANULEWICZ:  BUT IS NOT EVIDENCE.

8              THE COURT:  OKAY.  SO IT SOUNDS LIKE YOU ALL ARE

9    ABOUT TOGETHER AS FAR AS HOW TO RESPOND TO THEM OR WHAT PORTION

10   OF THE CHARGE TO REREAD.

11             MR. GRIFFIN?

12             MR. GRIFFIN:  I DO AGREE WITH THAT.  THE INDICTMENT

13   IS A CHARGING DOCUMENT.  IT IS NOT EVIDENCE.  BUT I WOULD POINT

14   OUT TO THE COURT TWO OTHER THINGS THAT I ARGUED IN CLOSING

15   ARGUMENT WAS, THE INDICTMENT DID NOT CHARGE THIS FALSE

16   STATEMENT, AND SO IT'S NOT EVIDENCE.  BUT IT IS A CHARGING

17   DOCUMENT.  AND THAT'S --

18             THE COURT:  SAY THAT AGAIN?  I REMEMBER THAT.  SAY

19   THAT AGAIN.  THAT MIGHT BE HONING IN ON THE POINT THEY ARE

20   TRYING TO MAKE.

21             MR. GRIFFIN:  SO THE INDICTMENT CHARGES THAT MR.

22   TARANTINO WAS ASKED WHERE TODD CHRISLEY EARNED HIS MONEY.  AND

23   I SIMPLY POINTED OUT, SAY, THE INDICTMENT DIDN'T -- THE

24   INDICTMENT CHARGES THAT.  BUT THAT'S NOT THE QUESTION HE WAS

25   ASKED IN THE INTERVIEW.  SO I THINK WHAT MR. ANULEWICZ SAID IS

3371

1    ACCURATE, THAT THE INDICTMENT IS A CHARGING DOCUMENT; IT IS NOT

2    EVIDENCE.

3           THE COURT:  OKAY.  WELL, IF YOU ALL ARE MAKING THE

4    SAME SUGGESTIONS -- AND IT KIND OF SOUNDS LIKE YOU ALL ARE --

5    YOU ALL ARE FOCUSING ON THE SAME LANGUAGE.  THEN I SUGGEST YOU

6    GET TOGETHER OFF THE RECORD AND TALK A LITTLE BIT ABOUT WHAT

7    PORTION TO REREAD FROM THE CHARGE.

8           I HAVE MS. BECK BRINGING OUT MY COPY OF THE CHARGE

9    BECAUSE IT HAS MY NOTES ON IT.  BUT, OFF THE RECORD, IF YOU ALL

10   WOULD JUST TALK ABOUT THE PORTION, AND THEN WE'LL GO BACK ON

11   THE RECORD TO SEE IF YOU ALL CAN COME TO SOME KIND OF AGREEMENT

12   ABOUT WHICH PART TO REREAD.

13          MR. KREPP:  COULD WE DO THAT RIGHT NOW, YOUR HONOR,

14   BEFORE THE --

15          THE COURT:  YES.  YES.  YES.  THANK YOU.

16          (WHEREUPON, AN OFF-THE-RECORD DISCUSSION WAS HAD.)

17          THE COURT:  OKAY.  WE ARE BACK ON THE RECORD.

18          YES.  MR. KREPP?

19          MR. KREPP:  YES.  I THINK WE HAVE REACHED AN

20   AGREEMENT.

21          THE COURT:  AS TO --

22          MR. KREPP:  THE --

23          THE COURT:  -- THE SECOND NOTE?

24          MR. KREPP:  YEAH.  SO PER THE COURT'S CHARGE --

25          THE COURT:  YES.

3372

1          MR. KREPP:  -- PAGE TWO, WE WOULD PROPOSE THAT THE

2     COURT READ THE FIRST SENTENCE OF PAGE TWO, WHICH STATES:  THE

3     INDICTMENT OR FORMAL CHARGE AGAINST A DEFENDANT IS NOT EVIDENCE

4     OF GUILT.

5          WE WOULD ALSO PROPOSE ON PAGE 38, THERE ARE TWO

6     PARAGRAPHS THERE THAT WE WOULD PROPOSE THE COURT READ.  AND

7     WOULD THE COURT LIKE ME TO READ THEM RIGHT NOW?

8          THE COURT:  SURE.

9          MR. KREPP:  OKAY.

10          EACH COUNT OF THE INDICTMENT CHARGES A SEPARATE CRIME

11     AGAINST ONE OR MORE OF THE DEFENDANTS.  YOU MUST CONSIDER EACH

12     CRIME AND THE EVIDENCE RELATING TO IT SEPARATELY.  AND YOU MUST

13     CONSIDER THE CASE OF EACH DEFENDANT SEPARATELY AND

14     INDIVIDUALLY.  IF YOU FIND A DEFENDANT GUILTY OF ONE CRIME,

15     THAT MUST NOT AFFECT YOUR VERDICT FOR ANY OTHER CRIME OR ANY

16     OTHER DEFENDANT.

17          I CAUTION YOU THAT EACH DEFENDANT IS ON TRIAL ONLY

18     FOR THE SPECIFIC CRIMES CHARGED IN THE INDICTMENT.  YOU'RE HERE

19     TO DETERMINE FROM THE EVIDENCE IN THIS CASE WHETHER A DEFENDANT

20     IS GUILTY OR NOT GUILTY OF THOSE SPECIFIC CRIMES.

21          THE COURT:  ALL RIGHT.  ALL RIGHT.  SO THE FIRST

22     SENTENCE ON PAGE TWO, THE FIRST TWO PARAGRAPHS ON PAGE 38.

23     THAT WAS WITH RESPECT TO THE SECOND QUESTION.

24          WHAT SAY YOU WITH RESPECT TO THE FIRST ONE:  WHEN IT

25     SAYS "KNEW" IS IT TALKING ABOUT THE SUBMISSION OF THE DOCUMENT

3373

1  DESPITE IT POTENTIALLY BEING FALSE OR THE ACTUAL FORM THAT WAS

2  SUBMITTED?

3         MR. KREPP:  I THINK THE CHARGING LANGUAGE IS CRYSTAL

4  CLEAR ON THIS, YOUR HONOR.  SO I HATE TO KEEP TELLING THEM TO

5  GO BACK TO THE CHARGING LANGUAGE, BUT I DON'T KNOW WHAT ELSE WE

6  COULD SAY.  I MEAN, IT'S --

7         THE COURT:  BY THE WAY, THEY ASKED MS. BECK THIS

8  MORNING IF SHE COULD TELL THEM WHICH QUESTIONS THEY WERE

9  ALLOWED TO ASK AND WHICH THEY ARE NOT.  SHE SAID SHE HAD NO

10  SUCH MAGIC LIST.

11         SO, MR. -- I MEAN, MR. KREPP, WERE YOU FINISHED WITH

12  YOUR POINT ON THAT ONE?  AND SO, THEREFORE, SAY WHAT?  YOU --

13         MR. KREPP:  YEAH.  I THINK -- I FEEL LIKE A BAD GUY

14  TELLING THEM THIS NOW.  BUT --

15         THE COURT:  OH, I FEEL LIKE THAT ALL THE TIME AS THE

16  JUDGE.  AND THEN THE FIRST THING THEY ASK AFTER A TRIAL IS,

17  WERE YOU MAD ABOUT ALL THE QUESTIONS WE SENT?

18         I'M LIKE, NO.  I JUST CAN'T ANSWER THEM THE WAY YOU

19  WANT TO, WHICH I TRIED TO EXPLAIN TO THEM INITIALLY.  BUT --

20         MR. KREPP:  YEAH.  I GUESS I FEEL CONFIDENT, THOUGH,

21  IF THEY READ THE INSTRUCTIONS ON THIS COUNT, IT'S IN THERE.

22         THE COURT:  YEAH.  AND IT'S A LONG CHARGE.

23         MR. KREPP:  IT IS.

24         THE COURT:  SO IT MAY BE DIFFICULT FOR THEM TO

25  REMEMBER WHERE TO GO ON CERTAIN PARTS.  I DON'T KNOW.  SEEMS

1    LIKE SOME OF THIS STUFF, ESPECIALLY WITH RESPECT TO THE MENS

2    REA "KNEW" IS IN THERE A COUPLE OF TIMES AND THEY SHOULD BE

3    ABLE TO EASILY FIND IT.  BUT, YOU KNOW, IT'S A LONG CHARGE.

4              MR. KREPP:  YEAH.  THAT'S THE ONLY THING I RECOMMEND.

5              AND THEN JUST ON THAT LAST COMMENT, I DO HAVE A

6    CONCERN, THOUGH, JUST THAT, IN LIGHT OF THE FIRST NOTE THAT WE

7    GOT THAT WE TALKED ABOUT YESTERDAY, I HOPE THE JURORS KNOW THAT

8    IF SOMEBODY IS NOT ENGAGED IN DELIBERATIONS OR THERE ARE

9    PROBLEMS BACK THERE, BECAUSE IF THEY ARE ASKING MS. BECK, WHAT

10   AM I ALLOWED TO ASK, YOU KNOW, I THINK IT'S PROPER TO TELL

11   THEM, YOU ARE ALLOWED TO ASK ANYTHING YOU WANT; WE JUST MIGHT

12   NOT BE ABLE TO ANSWER YOUR QUESTION AND WE MEAN NO DISRESPECT

13   TO YOU WHEN WE DO SO.

14             THE COURT:  ALL RIGHT.  I THINK I ALREADY SAID THAT

15   TO THEM YESTERDAY.  SO I AM NOT GOING TO SAY THAT AGAIN.

16             AND WITH RESPECT TO YESTERDAY, MY INTENTION -- AND

17   I'M GLAD YOU BROUGHT IT UP SO THAT I'LL SHARE IT WITH YOU -- IS

18   IF THEY HAVE NOT -- WELL, WE'LL WAIT TO SEE WHAT OTHER KIND OF

19   NOTES THEY SEND OUT.  BUT I'M THINKING THAT BY LUNCHTIME, I

20   WILL -- DESPITE OBJECTIONS THAT THE DEFENSE MAY RAISE -- ASK,

21   LADIES AND GENTLEMEN, I JUST WANT TO MAKE SURE, IS EVERYONE

22   ENGAGING IN DELIBERATIONS.  THAT'S MY INTENTION.  AND WE WILL

23   PURSUE THAT LINE OF QUESTIONING AS APPROPRIATE.

24             BUT IF THE END RESULT IS, NO, THERE IS SOMEONE WHO IS

25   NOT EVEN ENGAGING IN DISCUSSIONS, WE ARE PREPARED TO DISCUSS

3375

1   THE POSSIBILITY OF BRINGING IN AN ALTERNATE.  AND WE HAVE

2   ALREADY REACHED OUT TO OUR ALTERNATES.  BUT I'M NOT GOING TO DO

3   THAT ANY TIME BEFORE LUNCH.

4          AND, AGAIN, SOME OF THAT WILL DEPEND ON WHAT KIND OF

5   QUESTIONS WE'RE GETTING.  AND I THINK AT THAT POINT IT WOULD BE

6   JUST VITAL, ESPECIALLY, NOT JUST BECAUSE OF THE LENGTH OF THE

7   DELIBERATIONS, BUT, AGAIN, I GO BACK TO THE FACT THAT, IN MY

8   OPINION, THE QUESTION THEY SENT OUT YESTERDAY AT 10 SOMETHING

9   WAS UNCLEAR AS TO WHETHER THAT ONE JUROR JUST REFUSED TO ENGAGE

10  OR JUST REALLY WOULDN'T CHANGE THEIR HONEST OPINION.  BUT WE'RE

11  NOT THERE YET.

12         OKAY.  DEFENSE, WHAT SAY YOU WITH RESPECT TO THE

13  FIRST QUESTION?

14         MR. MORRIS:  I THINK THAT THE SAFEST AND APPROPRIATE

15  THING TO DO, JUDGE, IS TO SIMPLY TELL THEM YOU CANNOT GIVE THEM

16  ANY FURTHER DIRECTION ON THAT, THAT THE COURT'S CHARGE IS

17  BEFORE THEM.

18         THE COURT:  OKAY.

19         ALL RIGHT.  LET'S GO AHEAD AND BRING THEM OUT.

20         MR. KREPP:  JUDGE, JUST FOR THE RECORD -- I'M SORRY

21  -- IF WE COULD JUST MAKE SURE, BECAUSE THIS IS A JURY QUESTION,

22  MAKE SURE THAT MR. TARANTINO -- I DON'T KNOW IF MR. MORRIS IS

23  SPEAKING ON BEHALF OF ALL THE DEFENDANTS.

24         MR. GRIFFIN:  I CONCUR WITH MR. MORRIS.  I THINK

25  THAT'S THE SAFEST COURSE.

3376

1          I THINK WE ARE JUST AT AN -- WE ARE AT AN IMPASSE

2  ABOUT THE GOVERNMENT WOULD LIKE TO SAY, NO, NO, IT'S THE

3  INFORMATION ON THE RETURN, AND I AM SAYING, NO, IT'S THE

4  SUBMISSION.  WE DON'T EVEN AGREE ON WHAT -- I KNOW WHAT THAT --

5          (WHEREUPON, THE JURY RETURNED TO OPEN COURT AT 9:45

6  A.M., AFTER WHICH THE FOLLOWING PROCEEDINGS WERE HAD.)

7          THE COURT:  ALL RIGHT.  THE JURY IS SEATED.  EVERYONE

8  MAY BE SEATED.

9          GOOD MORNING, LADIES AND GENTLEMEN.

10          THE JURY:  GOOD MORNING.

11          THE COURT:  WE ARE IN RECEIPT OF YOUR NOTES.  I'LL

12  START WITH THE SECOND ONE.  WE'VE HAD TO TAKE SOME TIME A

13  COUPLE OF TIMES, BUT THIS TIME, TOO, TO TRY TO FIGURE OUT WHAT

14  IS BEING ASKED.  SO I'M GOING TO ANSWER THESE QUESTIONS THE

15  BEST WAY THAT I CAN.

16          THE SECOND QUESTION IS:  DOES THE INDICTMENT COUNT.

17          THE COURT'S RESPONSE IS TO REREAD A COUPLE OF

18  PORTIONS OF THE JURY CHARGE.  AND I WILL, SINCE YOU HAVE A COPY

19  BACK THERE, TELL YOU FROM WHERE I AM READING.

20          THE FIRST SENTENCE I READ IS ON PAGE TWO.

21          THE INDICTMENT OR FORMAL CHARGE AGAINST A DEFENDANT

22  IS NOT EVIDENCE OF GUILT.

23          THAT'S ON PAGE TWO.

24          THEN I CONTINUE TO READ THE FIRST TWO PARAGRAPHS ON

25  PAGE 38:  EACH COUNT OF THE INDICTMENT CHARGES A SEPARATE CRIME

3377

1    AGAINST ONE OR MORE OF THE DEFENDANTS.  YOU MUST CONSIDER EACH

2    CRIME AND THE EVIDENCE RELATING TO IT SEPARATELY.  AND YOU MUST

3    CONSIDER THE CASE OF EACH DEFENDANT SEPARATELY AND

4    INDIVIDUALLY.  IF YOU FIND A DEFENDANT GUILTY OF ONE CRIME,

5    THAT MUST NOT AFFECT YOUR VERDICT FOR ANY OTHER CRIME OR ANY

6    OTHER DEFENDANT.

7           I CAUTION YOU THAT EACH DEFENDANT IS ON TRIAL ONLY

8    FOR THE SPECIFIC CRIMES CHARGED IN THE INDICTMENT.  YOU'RE HERE

9    TO DETERMINE FROM THE EVIDENCE IN THIS CASE WHETHER A DEFENDANT

10   IS GUILTY OR NOT GUILTY OF THOSE SPECIFIC CRIMES.

11          WITH RESPECT TO THE FIRST NOTE -- AND, AGAIN, I

12   APOLOGIZE.  I'M NOT SURE I EVEN UNDERSTAND WHAT IS BEING ASKED.

13   BUT I WILL READ IT FOR THE RECORD.

14          THE DEFENDANT -- I ASSUME THE FIRST PART IS JUST

15   TRACKING LANGUAGE FROM THE CHARGE.  AND THE SECOND PART IS THE

16   ACTUAL QUESTION.

17          SO THE FIRST PART SAYS:

18          - THE DEFENDANT DID SO WITH THE INTENT TO DO

19   SOMETHING.

20          - THE DEFENDANT KNEW THE LAW FORBIDS.

21          WHEN IT SAYS "KNEW" IS IT TALKING ABOUT THE

22   SUBMISSION OF THE DOCUMENT DESPITE IT POTENTIALLY BEING FALSE

23   OR THE ACTUAL FORM THAT WAS SUBMITTED.

24          AGAIN, I'M NOT SURE THAT WE UNDERSTAND WHAT'S BEING

25   ASKED.  ALL I CAN DO IS TELL YOU THAT THE CHARGE THAT WE'VE

3378

1    GIVEN YOU CONTAINS A BREAKDOWN OF EACH CHARGE IN THE INDICTMENT

2    AND WHAT NEEDS TO BE ESTABLISHED, WHAT MENS REA -- MENS REA

3    MEANS THE STATE OF MIND, WHETHER IT'S KNOWLEDGE, WHETHER IT'S

4    WILLFUL, WHATEVER, INTENT, WHATEVER IT IS, ALL OF THAT IS

5    CONTAINED IN THE CHARGE.

6              AND THERE'S REALLY NOTHING ADDITIONAL THAT I CAN TELL

7    YOU THERE.  SO NOT BEING EVASIVE.  YOU'RE NOT IN TROUBLE FOR

8    SENDING OUT A QUESTION.  IT'S JUST EITHER, IN SOME OF THESE

9    INSTANCES, WE HAVE GIVEN YOU ALL WE COULD.  OR EITHER WE'RE NOT

10   SURE WHAT YOU'RE ASKING.

11             AND I APOLOGIZE.  IT'S NOT TO SAY THAT YOU HAVEN'T

12   CRAFTED YOUR QUESTIONS WELL.  PERHAPS WE ARE JUST NOT THINKING

13   HARD ENOUGH OR CLEARLY ENOUGH.  BUT WE'RE NOT -- YOU KNOW, FOR

14   ME AS THE COURT, I'M NOT QUITE SURE EXACTLY WHAT'S BEING ASKED.

15   ALL RIGHT?

16             THANK YOU SO MUCH.  YOU MAY RETIRE TO THE JURY ROOM.

17             (WHEREUPON, THE JURY RETIRED FROM THE COURTROOM AT

18   9:49 A.M., AND THE FOLLOWING PROCEEDINGS WERE HAD.)

19             THE COURT:  ALL RIGHT.  ANYTHING ANYONE WANTS TO PUT

20   ON THE RECORD BEFORE WE GO INTO RECESS AGAIN, GOVERNMENT?

21             MR. KREPP:  NO, YOUR HONOR.  THANK YOU.

22             THE COURT:  DEFENSE?

23             MR. MORRIS:  NO.  THANK YOU.

24             MR. ANULEWICZ:  NO, YOUR HONOR.

25             THE COURT:  ALL RIGHT.  I WILL GIVE YOU THESE NOTES.

3379

1   AND, AGAIN, IF YOU ALL CAN JUST MAKE SURE THE STUFF FROM THE

2   FIRST TABLES -- AND THAT'S ALL WE REALLY NEED -- ARE CLEAR.

3   AND WE'RE GOING TO HAVE A HEARING THAT STARTS IN ABOUT TEN

4   MINUTES.

5           THANK YOU.

6           MR. MORRIS:  THANK YOU, JUDGE.

7           (WHEREUPON, A RECESS WAS HAD FROM 9:50 A.M. UNTIL

8   1:59 P.M.)

9           THE COURT:  ALL RIGHT.  THANK YOU, SIR.  YOU CAN LINE

10  THEM UP.

11          DO WE HAVE AN EXTRA INDICTMENT OUT HERE?  BECAUSE THE

12  VERDICT FORM DOESN'T HAVE THE COUNTS LAID OUT ON THEM.  I MEAN,

13  THEY -- YOU CAN GET THEM.

14          ANYTHING BEFORE THE JURY COMES OUT -- WE HAVE A

15  VERDICT -- ON BEHALF OF THE GOVERNMENT?

16          MR. KREPP:  NO, YOUR HONOR.

17          THE COURT:  DEFENSE.

18          MR. ANULEWICZ:  NO, YOUR HONOR.

19          THE COURT:  OKAY.

20          OH, I'VE GOT ONE.

21          THANK YOU.

22          (WHEREUPON, THE JURY RETURNED TO OPEN COURT AT 2:00

23  P.M., AFTER WHICH THE FOLLOWING PROCEEDINGS WERE HAD.)

24          THE COURT:  ALL RIGHT.  THE JURY IS SEATED.  EVERYONE

25  ELSE MAY BE SEATED.

1          LADIES AND GENTLEMEN, WOULD YOUR JURY FOREPERSON

2    PLEASE STAND?

3          AND, SIR, STATE YOUR NAME FOR THE RECORD AGAIN.  YOU

4    ARE MR.?

5          THE FOREPERSON:  BRIEN FULLWOOD.

6          THE COURT:  MR. FULLWOOD, ARE YOU THE FOREPERSON OF

7    THIS JURY?

8          THE FOREPERSON:  YES, I AM.

9          THE COURT:  AND HAS THE JURY REACHED A VERDICT AS TO

10   EACH COUNT IN THE INDICTMENT?

11         THE FOREPERSON:  YES, WE HAVE.

12         THE COURT:  AND ARE YOU ALL UNANIMOUS ON EACH OF

13   THOSE COUNTS?

14         THE FOREPERSON:  YES, WE ARE.

15         THE COURT:  AND HAVE YOU SIGNED THE VERDICT FORM AS

16   THE FOREPERSON?

17         THE FOREPERSON:  YES, I HAVE.

18         THE COURT:  OKAY.  YOU MAY GO AHEAD AND READ IT IN

19   OPEN COURT.

20         THE FOREPERSON:  AS TO COUNT ONE, WE, THE JURY, FIND

21   DEFENDANT TODD CHRISLEY GUILTY.

22         AS TO COUNT TWO, WE, THE JURY, FIND THE DEFENDANT

23   TODD CHRISLEY GUILTY.

24         AS TO COUNT THREE, WE, THE JURY, FIND DEFENDANT TODD

25   CHRISLEY GUILTY.

1              AS TO COUNT FOUR, WE, THE JURY, FIND DEFENDANT TODD

2    CHRISLEY GUILTY.

3              AS TO COUNT FIVE, WE, THE JURY, FIND THE DEFENDANT

4    TODD CHRISLEY GUILTY.

5              AS TO COUNT SIX, WE, THE JURY, FIND THE DEFENDANT

6    TODD CHRISLEY GUILTY.

7              AS TO COUNT EIGHT, WE, THE JURY, FIND THE DEFENDANT

8    TODD CHRISLEY GUILTY.

9              AS TO COUNT NINE, WE FIND THE DEFENDANT TODD CHRISLEY

10   GUILTY.

11             AS TO COUNT ONE, WE FIND THE JURY -- EXCUSE ME.

12             THE COURT:  TAKE YOUR TIME.  IT'S OKAY.

13             THE FOREPERSON:  AS TO COUNT ONE, WE, THE JURY, FIND

14   THE DEFENDANT JULIE CHRISLEY GUILTY.

15             AS TO COUNT TWO, WE, THE JURY, FIND THE DEFENDANT

16   JULIE CHRISLEY GUILTY.

17             AS TO COUNT THREE, WE, THE JURY, FIND THE DEFENDANT

18   JULIE CHRISLEY GUILTY.

19             AS TO COUNT FOUR, WE, THE JURY, FIND THE DEFENDANT

20   JULIE CHRISLEY GUILTY.

21             AS TO COUNT FIVE, WE, THE JURY, FIND THE DEFENDANT

22   JULIE CHRISLEY GUILTY.

23             AS TO COUNT SIX, WE, THE JURY, FIND THE DEFENDANT

24   JULIE CHRISLEY GUILTY.

25             AS TO COUNT SEVEN, WE, THE JURY, FIND THE DEFENDANT

3382

1  JULIE CHRISLEY GUILTY.

2          AS TO COUNT EIGHT, WE, THE JURY, FIND THE DEFENDANT

3  JULIE CHRISLEY GUILTY.

4          AS TO COUNT NINE, WE, THE JURY, FIND THE DEFENDANT

5  JULIE CHRISLEY GUILTY.

6          AS TO COUNT 12, WE, THE JURY, FIND THE DEFENDANT

7  JULIE CHRISLEY GUILTY.

8          AS TO COUNT EIGHT, WE, THE JURY, FIND THE DEFENDANT

9  PETER TARANTINO GUILTY.

10          AS TO COUNT TEN, WE, THE JURY, FIND THE DEFENDANT

11  PETER TARANTINO GUILTY.

12          AS TO COUNT 11, WE, THE JURY, FIND THE DEFENDANT

13  PETER TARANTINO GUILTY.

14          THE COURT:  OKAY.  MS. BECK WILL COME GET THAT FROM

15  YOU, AFTER WHICH YOU CAN GO AHEAD AND TAKE YOUR SEAT.

16          AND THANK YOU, SIR.

17          ANY EXCEPTIONS, ISSUES, CONCERNS, OR ANYTHING TO THE

18  FORM OF THE VERDICT ON BEHALF OF THE GOVERNMENT?

19          MR. KREPP:  NO, YOUR HONOR.  THANK YOU.

20          THE COURT:  THANK YOU.

21          ON BEHALF OF TODD CHRISLEY.

22          MR. MORRIS:  NO, YOUR HONOR.

23          THE COURT:  ON BEHALF OF JULIE CHRISLEY.

24          MR. ANULEWICZ:  NO, YOUR HONOR.

25          THE COURT:  ON BEHALF OF PETER TARANTINO.

3383

1          MR. GRIFFIN:  NO, YOUR HONOR.

2          THE COURT:  ANYTHING FURTHER FOR THIS JURY ON BEHALF

3   OF THE GOVERNMENT?

4          MR. KREPP:  NO, YOUR HONOR.  THANK YOU.

5          THE COURT:  THANK YOU.

6          ON BEHALF OF TODD CHRISLEY.

7          MR. MORRIS:  ASK THE JURY BE POLLED, YOUR HONOR.

8          THE COURT:  YES, SIR.

9          ALL RIGHT.  LADIES AND GENTLEMEN, I AM GOING TO ASK

10  EACH OF YOU THREE QUESTIONS.  THE WAY THAT I WILL DO THAT IS TO

11  START WITH -- BY SAYING JUROR NUMBER ONE.  AND BY JUROR NUMBER

12  ONE, I MEAN THE FOREPERSON.

13         JUROR NUMBER TWO WILL BE THE PERSON TO HIS RIGHT.

14         JUROR NUMBER THREE WILL BE THE PERSON TO HER RIGHT.

15         AND WE'LL GO STRAIGHT DOWN THE LINE.

16         SO JUROR NUMBER ONE, IF YOU WOULD STAND UP.

17         SIR, IS THIS YOUR VERDICT?

18         THE JUROR:  YES, IT IS.

19         THE COURT:  WAS THIS YOUR VERDICT BACK IN THE JURY

20  ROOM?

21         THE JUROR:  YES, IT WAS.

22         THE COURT:  IS THIS STILL YOUR VERDICT?

23         THE JUROR:  YES, IT IS.

24         THE COURT:  THANK YOU, SIR.

25         JUROR NUMBER TWO.

3384

1           MA'AM, IS THIS YOUR VERDICT?

2           THE JUROR:  YES.

3           THE COURT:  WAS THIS YOUR VERDICT BACK IN THE JURY

4     ROOM?

5           THE JUROR:  YES.

6           THE COURT:  IS THIS STILL YOUR VERDICT?

7           THE JUROR:  YES.

8           THE COURT:  THANK YOU.

9           JUROR NUMBER THREE.

10          MA'AM, IS THIS YOUR VERDICT?

11          THE JUROR:  YES.

12          THE COURT:  WAS THIS YOUR VERDICT BACK IN THE JURY

13    ROOM?

14          THE JUROR:  YES.

15          THE COURT:  IS THIS STILL YOUR VERDICT?

16          THE JUROR:  YES.

17          THE COURT:  THANK YOU.

18          JUROR NUMBER FOUR.

19          MA'AM, IS THIS YOUR VERDICT?

20          THE JUROR:  YES.

21          THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

22          THE JUROR:  YES, MA'AM.

23          THE COURT:  IS THIS STILL YOUR VERDICT?

24          THE JUROR:  YES, MA'AM.

25          THE COURT:  THANK YOU, MA'AM.

3385

1              JUROR NUMBER FIVE.

2              SIR, IS THIS YOUR VERDICT?

3              THE JUROR:  YES.

4              THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

5              THE JUROR:  YES.

6              THE COURT:  IS THIS STILL YOUR VERDICT?

7              THE JUROR:  YES.

8              THE COURT:  THANK YOU.

9              JUROR NUMBER SIX.

10             MA'AM, IS THIS YOUR VERDICT?

11             THE JUROR:  YES, MA'AM.

12             THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

13             THE JUROR:  YES, MA'AM.

14             THE COURT:  AND IS THIS STILL YOUR VERDICT?

15             THE JUROR:  YES, MA'AM.

16             THE COURT:  THANK YOU SO MUCH.

17             JUROR NUMBER SEVEN.

18             SIR, IS THIS YOUR VERDICT?

19             THE JUROR:  YES, MA'AM.

20             THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

21             THE JUROR:  YES, MA'AM.

22             THE COURT:  AND IS THIS STILL YOUR VERDICT?

23             THE JUROR:  YES, MA'AM.

24             THE COURT:  THANK YOU, SIR.

25             MA'AM, JUROR NUMBER -- WHERE ARE WE, WHAT NUMBER?

3386

1              THE JUROR:  I THINK I'M EIGHT.

2              THE COURT:  EIGHT?  ONE, TWO, THREE, FOUR, FIVE, SIX.

3    I THINK SEVEN.  OR IS THAT RIGHT?  ONE, TWO, THREE -- NOPE,

4    YOU'RE RIGHT.

5              IS THIS YOUR VERDICT?

6              THE JUROR:  YES, MA'AM.

7              THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

8              THE JUROR:  YES, MA'AM.

9              THE COURT:  AND IS THIS STILL YOUR VERDICT?

10             THE JUROR:  YES, MA'AM.

11             THE COURT:  THANK YOU, MA'AM.

12             JUROR NUMBER NINE.

13             SIR, IS THIS YOUR VERDICT?

14             THE JUROR:  YES, MA'AM.

15             THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

16             THE JUROR:  YES, MA'AM.

17             THE COURT:  AND IS THIS STILL YOUR VERDICT?

18             THE JUROR:  YES, MA'AM.

19             THE COURT:  THANK YOU, SIR.

20             JUROR NUMBER TEN.

21             MA'AM, IS THIS YOUR VERDICT?

22             THE JUROR:  YES.

23             THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

24             THE JUROR:  YES.

25             THE COURT:  AND IS THIS STILL YOUR VERDICT?

3387

1              THE JUROR:  YES.

2              THE COURT:  THANK YOU SO MUCH.

3              JUROR NUMBER 11.

4              MA'AM, IS THIS YOUR VERDICT?

5              THE JUROR:  YES.

6              THE COURT:  AND WAS THIS YOUR VERDICT IN THE JURY

7    ROOM?

8              THE JUROR:  YES, MA'AM.

9              THE COURT:  IS THIS STILL YOUR VERDICT?

10             THE JUROR:  YES.

11             THE COURT:  THANK YOU, MA'AM.

12             AND JUROR NUMBER 12.

13             MA'AM, IS THIS YOUR VERDICT?

14             THE JUROR:  YES, MA'AM.

15             THE COURT:  WAS THIS YOUR VERDICT IN THE JURY ROOM?

16             THE JUROR:  YES, MA'AM.

17             THE COURT:  AND IS THIS STILL YOUR VERDICT?

18             THE JUROR:  YES, MA'AM.

19             THE COURT:  THANK YOU, MA'AM.

20             THE JURORS HAVE BEEN POLLED.

21             ANYTHING ELSE ON BEHALF OF JULIE CHRISLEY?

22             MR. ANULEWICZ:  NO, YOUR HONOR.

23             THE COURT:  ANYTHING FURTHER FOR THIS JURY ON BEHALF

24   OF PETER TARANTINO?

25             MR. GRIFFIN:  NO, YOUR HONOR.

3388

1              THE COURT:  OKAY.  THANK YOU SO MUCH.

2              LADIES AND GENTLEMEN, THANK YOU FOR YOUR SERVICE.

3   IT'S BEEN A LONG TRIAL, I KNOW, AND A COUPLE OF DAYS OF

4   DELIBERATION ON TOP OF ALL OF THE EVIDENCE.

5              IF YOU WILL RETIRE THIS LAST TIME TO THE JURY ROOM, I

6   WILL COME BACK AND JUST VERY BRIEFLY THANK YOU AND DISMISS YOU

7   TO EITHER LEAVE OR INVITE YOU IF YOU'D LIKE TO STAY FOR THE

8   NEXT PORTION OF THE TRIAL.  BUT I'LL MAKE IT CLEAR BACK THERE

9   YOU ARE NOT REQUIRED TO.

10             THANK YOU SO MUCH.  AND YOU'RE EXCUSED TO THE JURY

11  ROOM.

12             (WHEREUPON, THE JURY RETIRED FROM THE COURTROOM AT

13  2:09 P.M., AND THE FOLLOWING PROCEEDINGS WERE HAD.)

14             THE COURT:  ALL RIGHT.  YOU ALL MAY BE SEATED.

15             I AM GOING TO VERY QUICKLY GO BACK AND TELL THEM THEY

16  ARE DISMISSED.  AND THEN WE WILL COME BACK AND PROCEED WITH ANY

17  REQUESTS OR THINGS TO BE HANDLED NEXT.

18             THANK YOU SO MUCH.

19             (WHEREUPON, A BRIEF RECESS WAS HAD FROM 2:09 P.M.

20  UNTIL 2:12 P.M.)

21             THE COURT:  ALL RIGHT.  Y'ALL MAY BE SEATED.

22             OKAY.  GOVERNMENT, WHAT NEXT?

23             MR. KREPP:  YOUR HONOR, PURSUANT TO TITLE 18, UNITED

24  STATES CODE, SECTION 3143(A), THE GOVERNMENT'S REQUESTING THAT

25  THE DEFENDANTS TODD AND JULIE CHRISLEY BE DETAINED.

3389

1          I'LL NOTE THAT WE DO NOT MAKE THE SAME REQUEST FOR

2     MR. TARANTINO.  WE WOULD ASK THAT HE BE SUBMITTED TO LOCATIONAL

3     MONITORING AS AN ADDED CONDITION OF HIS RELEASE.

4          THERE ARE TWO FACTORS THE COURT NEEDS TO FOCUS ON PER

5     THE STATUTE.  AND OBVIOUSLY, AS THE COURT IS WELL AWARE, THE

6     PRESUMPTION HERE IS THAT DEFENDANT SHALL BE DETAINED UNLESS THE

7     COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THAT THAT PERSON

8     IS NOT LIKELY TO FLEE OR POSE A DANGER TO THE SAFETY TO ANY

9     PERSON OR THE COMMUNITY.

10         AS TO RISK OF FLIGHT, THE GUIDELINES HERE ARE

11    EXTRAORDINARILY HIGH.  OUR CONSERVATIVE ESTIMATE FOR TODD

12    CHRISLEY IS A LEVEL 41, WHICH WOULD BE 324 TO 405 MONTHS OF

13    INCARCERATION, ASSUMING A CRIMINAL HISTORY CATEGORY I.

14         FOR JULIE, IT WOULD BE 39, WHICH IS 262 TO 327

15    MONTHS, AGAIN, ASSUMING CRIMINAL HISTORY CATEGORY I.

16         BY THEIR OWN ADMISSION, THE DEFENDANTS MADE MILLIONS

17    OF DOLLARS A YEAR.  WHILE THEY'VE CLEARLY SPENT MOST, IF NOT

18    ALL, OF THE BANK FRAUD PROCEEDS, THEY STILL EARNED SIGNIFICANT

19    REVENUE FROM THEIR PRODUCTION COMPANIES.  AND THEY HAVE THE

20    MEANS TO FLEE.  AND THEY HAVE EVERY INCENTIVE TO FLEE NOW THAT

21    THEY ARE -- NOW THAT THEY STAND BEFORE THE COURT CONVICTED.

22         SO WE DO NOT BELIEVE THAT THEY CAN CARRY THEIR BURDEN

23    OF SHOWING BY CLEAR AND CONVINCING EVIDENCE THAT THEY DO NOT

24    POSE A RISK OF FLIGHT.

25         MORE IMPORTANTLY, WE HAVE A CONCERN ABOUT THE DANGER

3390

1  TO THE COMMUNITY, AS WELL AS WITNESSES.  JULIE CHRISLEY HAS NOW

2  BEEN CONVICTED OF OBSTRUCTING JUSTICE, SUBMITTING A FALSE

3  DOCUMENT TO THE GRAND JURY.  BUT AS THE COURT KNOWS, TODD

4  CHRISLEY PLAYED A ROLE IN THIS AS WELL BY TRANSMITTING THAT

5  DOCUMENT TO THE 7C'S PRODUCTIONS' CORPORATE ATTORNEYS.

6          TODD CHRISLEY HAS REPEATEDLY USED HIS SOCIAL MEDIA

7  PLATFORMS TO HARASS AND THREATEN WITNESSES IN THIS CASE.  AS

8  THE COURT HEARD, HE HAD AT ONE POINT THREATENED TO RELEASE A

9  SEX VIDEO OF HIS OWN DAUGHTER AS A DIRECT RESULT OF HIS

10  INDICTMENT.

11          HE USES PODCASTS TO ROUTINELY HARASS GEORGIA

12  DEPARTMENT OF REVENUE EMPLOYEES, INCLUDING ONE WHO WAS ON THE

13  WITNESS LIST, PROVIDED TO THE DEFENDANTS POST-ARRAIGNMENT AND

14  THROUGH PRETRIAL SERVICES, TESTIFIED AT TRIAL, KATIE VANCIL.

15          THEY USED THEIR OWN FAMILY MEMBERS AND CLOSE

16  ASSOCIATES TO COMMIT PERJURY THROUGHOUT THIS TRIAL,

17  SPECIFICALLY THE TESTIMONY OF LINDSIE CHRISLEY; FAYE CHRISLEY;

18  AND THEIR ASSOCIATE, DONNA CASH.

19          AND PERHAPS MOST IMPORTANTLY, YOUR HONOR, THEY HAVE

20  REPEATEDLY LIED TO GOVERNMENTAL AGENCIES OVER THE PAST 15

21  YEARS, NOT ONLY THE GRAND JURY, BUT THE IRS, THE BANKRUPTCY

22  COURT, THE GEORGIA DEPARTMENT OF REVENUE.  THEY HAVE FILED

23  FALSE POLICE REPORTS AGAINST MR. BRADDOCK.

24          YOUR HONOR, THIS IS NOT A CASE WHERE DEFENDANTS

25  SHOULD BE RELEASED.  WE DO NOT BELIEVE THE DEFENDANTS HAVE

3391

1    CARRIED THEIR BURDEN OF ESTABLISHING BY CLEAR AND CONVINCING

2    EVIDENCE THAT THEY DO NOT POSE A RISK OF FLIGHT OR ARE DANGER

3    TO THE SAFETY TO ANY PERSON OR THE COMMUNITY.

4            THE COURT:  THANK YOU.

5            ON BEHALF OF TODD CHRISLEY.

6            MR. MORRIS:  PLEASE THE COURT.

7            MR. CHRISLEY HAS BEEN ON BOND SINCE 2019, JUST A

8    MONTH AND A HALF SHORT OF THREE FULL YEARS, WITHOUT INCIDENT.

9            HE'S BEEN DUTIFULLY REPORTING TO PRETRIAL SERVICES,

10   THE OFFICER IN NASHVILLE, TENNESSEE, AND ABIDING BY ALL

11   CONDITIONS OF HIS BOND WITHOUT VIOLATION.

12           HE HAS A STABLE HOME ENVIRONMENT IN NASHVILLE,

13   TENNESSEE.  HE HAS THE SUPPORT OF HIS FAMILY.  HIS DAUGHTER,

14   LINDSIE, IS HERE.  SHE TESTIFIED ON HIS BEHALF.  SHE WOULD TELL

15   YOU, I WILL PROFFER -- LINDSIE, WOULD YOU STAND UP? -- WOULD

16   PROFFER ON HER BEHALF THAT SHE WOULD TELL YOU THAT SHE DOES NOT

17   CONSIDER HER FATHER A THREAT IN ANY WAY, SHAPE, OR FORM.

18           THE COURT:  YOU MAY SIT BACK DOWN, MA'AM.  THANK YOU.

19           SO NOTED THAT SHE'S IN THE FRONT ROW.

20           MR. MORRIS:  THAT THE MISIMPRESSION THAT HER FATHER

21   WAS SOMEHOW IN POSSESSION OF OR THREATENED A SEX TAPE WAS

22   ABSOLUTELY INCORRECT AND SHE IS AWARE OF THAT.  SHE WAS FED

23   MISINFORMATION.  I BELIEVE SHE TESTIFIED TO THAT UNDER OATH

24   BEFORE YOUR HONOR.

25           MR. CHRISLEY HAS THREATENED NO ONE IN A PODCAST.  HE

3392

1    HAS MADE COMMENTS ABOUT THE ILLEGALITY OF THE SEIZURE OF HIS

2    FURNITURE BY THE GEORGIA DEPARTMENT OF REVENUE.  THERE HAVE

3    BEEN NO THREATS.  THEY MAY NOT HAVE LIKED WHAT HE SAID.  BUT

4    HE'S ENTITLED TO HIS FREE SPEECH.  AND HE THREATENED NO ONE.

5            THE COURT:  ARE THOSE COMMENTS THE SUBSTANCE OF

6    ANOTHER LAWSUIT, OTHER LITIGATION?

7            MR. MORRIS:  THERE IS A LAWSUIT FROM ONE PERSON FROM

8    THE DEPARTMENT OF REVENUE, BUT IT'S NOT FOR THREATENING.  IT'S

9    FOR FALSE STATEMENT AND DEFAMATION.

10           THE COURT:  DEFAMATION.  THAT'S WHAT I'M ASKING.

11           MR. MORRIS:  YES, MA'AM.  YES, MA'AM.  AND THAT IS

12   BEING CONTESTED AS WELL.

13           IMPORTANTLY, TODD IS A CAREGIVER FOR HIS MOTHER,

14   ELIZABETH FAYE CHRISLEY.  AS THE COURT MAY OR MAY NOT KNOW, SHE

15   IS UNDERGOING TREATMENT FOR A BAD -- A CANCER SITUATION.  SHE

16   LIVES ALONE AND DEPENDS UPON TODD AND JULIE FOR ASSISTANCE.

17           HE IS THE CUSTODIAL FATHER OF HIS MINOR SON, GRAYSON.

18   AND HE AND JULIE BOTH ARE THE CUSTODIANS OF THEIR NINE-YEAR-OLD

19   GRANDDAUGHTER CHLOE.

20           THE COURT:  AND HOW OLD IS GRAYSON?

21           MR. MORRIS:  GRAYSON IS 16?  SIXTEEN OR 17?

22           MR. ANULEWICZ:  SIXTEEN.

23           MR. MORRIS:  SIXTEEN.  AND CHLOE IS NINE, AND THEY

24   HAVE FULL CUSTODY OF CHLOE, WHO LIVES WITH THEM.  THEY BOTH

25   LIVE WITH THEM IN THEIR HOME IN NASHVILLE.

1        FOR THE PAST THREE YEARS, THEIR TRAVEL HAS BEEN

2   RESTRICTED ON CONDITION FROM PRETRIAL SERVICES.  THEY HAVE

3   ABIDED BY THAT.  THEY'VE PREVIOUSLY SURRENDERED THEIR

4   PASSPORTS, HAVE MADE NO ATTEMPT TO GET A NEW PASSPORT.  THEY

5   REPORT MONTHLY AS DIRECTED TO PRETRIAL SERVICES IN NASHVILLE

6   AND CERTAINLY WOULD CONTINUE TO DO THAT.

7        AND, YOUR HONOR, THEY ARE CERTAINLY AGREEABLE TO

8   WHATEVER ADDITIONAL CONDITIONS OR TERMS OF BOND YOUR HONOR

9   WOULD FEEL APPROPRIATE IN THIS CASE.  THEY ARE -- THEY ARE

10  HERE.  THEY'VE MADE EVERY COURT APPEARANCE.

11       THEY HAVE KNOWN ABOUT THIS MATTER FOR TEN SOLID

12  YEARS, AND THEY HAVE MADE NO ATTEMPT TO ESCAPE ANY COURT

13  APPEARANCE AND HAVE RESPONDED IN EVERY WAY THEY WERE SUPPOSED

14  TO RESPOND AT THE DIRECTION OF THE MAGISTRATE, AS WELL AS YOUR

15  HONOR.

16       WE ASK SINCERELY THAT YOU AT LEAST PERMIT THEM TO

17  REMAIN ON BOND UNTIL THE TIME OF SENTENCING.  ONCE WE GET TO

18  THE SENTENCING STAGE, DEPENDING UPON WHAT THIS COURT DOES, WE

19  CAN ADDRESS THIS AGAIN.  BUT I BELIEVE THEY WILL ABIDE BY

20  ANYTHING YOUR HONOR IMPOSES.

21       THEY WILL REPORT FOR THEIR INTERVIEW WITH THE

22  PROBATION OFFICE FOR THE PRESENTENCE REPORT.  AND, AGAIN, IF

23  YOUR HONOR WOULD LIKE THEM MONITORED WEEKLY, DAILY, HOWEVER

24  YOUR HONOR WOULD LIKE TO DO IT, THEY WILL ABIDE BY THAT.  THEY

25  WILL FIGURE OUT A WAY TO PAY FOR IT, IF NECESSARY.  AND WE WILL

3394

1    WORK WITH THAT.

2              THE COURT:  ALL RIGHT.  BEFORE YOU LEAVE THE PODIUM,

3    MR. MORRIS.

4              GOVERNMENT, REMIND ME OF WHETHER THERE IS ANY

5    EVIDENCE OR ANYTHING HAS COME OUT IN FRONT OF THIS COURT IN

6    TERMS OF A THREAT.  I'M JUST NOT REMEMBERING ANYTHING AT THIS

7    TIME.  I DO DEFINITELY RECALL HEARING THAT MR. CHRISLEY HAS

8    MADE SOME STATEMENTS PUBLICLY AND PUT THINGS ON SOCIAL MEDIA.

9    BUT IF THERE HAS BEEN A THREAT MADE, I'M NOT SURE THAT I AM

10   AWARE OF IT.

11             MR. KREPP:  SURE.  AND I WAS RELYING UPON

12   GOVERNMENT'S EXHIBITS 1400 AND 1401, WHICH WERE LINDSIE

13   CHRISLEY'S E-MAILS TO THE FBI.  OBVIOUSLY RETRACTED THAT ON THE

14   WITNESS STAND, BUT I CAN READ PORTIONS OF IT.

15             THE COURT:  OH, I RECALL.  YOU ARE REFERRING TO THE

16   ONES BY HIS DAUGHTER?

17             MR. KREPP:  YES, YOUR HONOR, LINDSIE.

18             THE COURT:  OH, OKAY.

19             MR. KREPP:  AND WHEN I REFERENCED THE DEPARTMENT OF

20   REVENUE, I STATED THAT HE WAS HARASSING GEORGIA DEPARTMENT OF

21   REVENUE OFFICIALS.  I DID NOT SAY HE THREATENED GEORGIA

22   DEPARTMENT.

23             THE COURT:  GOT IT.  ALL RIGHT.

24             MR. MORRIS:  AND BY THE HARASSMENT, THAT IS SAYING

25   THINGS ABOUT THEM IN HIS PODCAST.

3395

1          THE COURT:  ALL RIGHT.  THANK YOU.

2          MR. MORRIS:  HONESTLY, IT SHOULD NOT -- I DON'T

3    BELIEVE IT SHOULD QUALIFY AS HARASSMENT.  IT'S FREEDOM OF

4    SPEECH, WHETHER THEY LIKE WHAT HE SAID OR NOT.

5          AND WITH REGARD TO THE --

6          THE COURT:  YOU CAN STEP BACK TO THE PODIUM FOR ME.

7          MR. MORRIS:  OH, I'M SORRY.

8          THE COURT:  THAT'S OKAY.

9          MR. MORRIS:  WITH REGARD TO THE, QUOTE, THREAT, END

10   QUOTE, TO LINDSIE CHRISLEY, THE BEST EVIDENCE I CAN GIVE IS,

11   SHE'S HERE, YOUR HONOR, AND I WOULD TELL YOU THAT SHE DOES NOT

12   CONSIDER HIM TO BE A THREAT.

13         THE COURT:  ALL RIGHT.  AND THE COURT NOTES THAT I'VE

14   HEARD HER TESTIMONY DURING THE TRIAL.  THANK YOU.

15         MR. MORRIS:  THANK YOU.

16         THE COURT:  ALL RIGHT.  ON BEHALF OF JULIE CHRISLEY.

17         MR. ANULEWICZ:  YOUR HONOR, I JOIN IN MR. MORRIS'

18   REQUEST IN ALL RESPECTS.  THE ONLY THING ADDITIONAL THAT I WILL

19   SAY IS THAT MS. CHRISLEY HAS NOT SAID ANYTHING, DONE ANYTHING

20   AT ALL IN THESE PAST SEVERAL YEARS TO WARRANT THAT SHE NOT BE

21   GRANTED BOND UNTIL THE TIME OF SENTENCING.

22         AS MR. MORRIS SAID, SHE HAS ABIDED BY ALL OF THE

23   TERMS OF HER BOND, HAS MET REGULARLY WITH HER PAROLE OFFICER,

24   HAS NOT DONE ANYTHING AT ALL DURING THESE PAST THREE YEARS THAT

25   WOULD WARRANT OR INDICATE THAT SHE IS EITHER A THREAT TO

1    SOCIETY OR A THREAT TO FLEE.

2           AGAIN, HAVING MET ALL OF HER CONDITIONS OF BOND, WE

3    RESPECTFULLY REQUEST THAT SHE BE ALLOWED TO REMAIN OUT ON BOND

4    UNTIL THE TIME OF SENTENCING.  OR IF AN ADDITIONAL BOND IS

5    REQUIRED, THEN OBVIOUSLY SHE WOULD GLADLY DO THAT AS WELL.

6           WITH REGARD TO THE CAREGIVING, YOU KNOW, WE JOIN THAT

7    SHE IS THE CAREGIVER OF HER YOUNG SON AND OF CHLOE CHRISLEY,

8    WHO IS IN THEIR CUSTODY, THE NINE-YEAR-OLD DAUGHTER.  SHE

9    PROVIDES THEM DAILY -- OBVIOUSLY WITH THEM BEING HERE --

10   GUIDANCE AND SUPPORT.  AND WE BELIEVE THAT IT WOULD BE A

11   SIGNIFICANT IMPACT ON THEM WERE SHE NOT TO BE ABLE TO REMAIN

12   OUT ON BOND DURING THIS TIME.

13          WITH REGARD TO HER PASSPORT, IT HAS BEEN REVOKED.

14   SHE WOULD BE MORE THAN WILLING, AS MR. MORRIS SAID, TO BE

15   SUBJECTED TO MONITORING AND ANY CONDITIONS THAT THE COURT WOULD

16   REQUIRE.

17          THE COURT:  ALL RIGHT.  THANK YOU.

18          MR. ANULEWICZ:  THANK YOU.

19          THE COURT:  ON BEHALF OF PETER TARANTINO, PLEASE?

20          MR. GRIFFIN:  YOUR HONOR, I THINK I WOULD DEFER TO

21   THE USUAL PRACTICE.  BUT I WOULD LIKE TO POINT OUT THAT MR.

22   TARANTINO HAS BEEN OUT ON --

23          THE COURT:  AND I DON'T THINK -- I'M SORRY FOR

24   INTERRUPTING YOU.  I DON'T THINK THERE IS A REQUEST TO TAKE HIM

25   INTO IMMEDIATE CUSTODY.  SO I'M JUST BASICALLY ASKING IF THERE

3397

1  IS ANYTHING FROM YOU.  AND THE GOVERNMENT IS NOT SHAKING HIS

2  HEAD NO, THAT THEY ARE NOT MAKING THAT REQUEST.

3          MR. GRIFFIN:  EVEN THE ANKLE MONITORING, I JUST

4  WANTED TO POINT OUT, MR. TARANTINO HASN'T EVEN HAD TO CALL IN

5  IN THE LAST YEAR UNDER THE TERMS OF HIS, YOU KNOW, MONITORING.

6  SO I WOULD ASK -- I DON'T EVEN THINK AN ANKLE BRACELET IS

7  APPROPRIATE IN THIS INSTANCE.

8          THANK YOU.

9          THE COURT:  THANK YOU.

10          ALL RIGHT.  WE ARE IN RECESS FOR TEN MINUTES.  IT'S

11  10:25.  WE'LL BE BACK IN SESSION -- EXCUSE ME, 2:25.  WE'LL BE

12  BACK IN SESSION AT 2:35.

13          THANK YOU.

14          THE COURTROOM SECURITY OFFICER:  ALL RISE.

15          (WHEREUPON, A BRIEF RECESS WAS HAD FROM 2:24 P.M

16  UNTIL 2:40 P.M.)

17          THE COURT:  THANK YOU, SIR.

18          THANK YOU.  YOU MAY BE SEATED.

19          ALL RIGHT.  AFTER HAVING CONSIDERED EVERYTHING AND

20  BOTH SIDES' POSITIONS, I DO FIND THAT THE DEFENDANTS HAVE SHOWN

21  BY -- AND RIGHT NOW, EXCUSE ME, I'M SPEAKING OF TODD AND JULIE

22  CHRISLEY -- HAVE SHOWN BY CLEAR AND CONVINCING EVIDENCE THAT

23  THEY ARE NOT A FLIGHT RISK, NOR DO THEY POSE A DANGER TO THE

24  COMMUNITY, ANY PERSON IN THE COMMUNITY.

25          THERE HAVE BEEN NO INCIDENTS REPORTED WHILE THEY'VE

3398

1    BEEN ON BOND.  I'M NOT AWARE OF ANY VIOLATIONS.  THEY HAVE

2    ESTABLISHED THEY HAVE A STABLE HOME ENVIRONMENT.  THEY HAVE

3    BEEN HERE IN COURT AND READY FOR TRIAL EVERY DAY WITHOUT ANY

4    ISSUES OF WHICH THE COURT IS AWARE.

5            I AM NOT AWARE OF ANY EVIDENCE OF THEM THREATENING

6    ANY WITNESSES OR ANYTHING.  I UNDERSTAND THE GOVERNMENT IS

7    RELYING ON THE INTERACTIONS BETWEEN THEM AND ONE OF THEIR

8    CHILDREN, BUT, CERTAINLY, WE HEARD DIFFERENT THINGS AT TRIAL.

9    BUT THAT IS NOT -- THAT'S -- AND THAT IS A SERIOUS FAMILY ISSUE

10   THAT I'M NOT SAYING THAT I'M TURNING A BLIND EYE TO, BUT IT'S

11   NOT THE TYPE OF THREAT THAT I'M LOOKING FOR IN TERMS OF DANGER

12   TO THE COMMUNITY, IN TERMS OF THREATENING A WITNESS OR SOMEONE

13   ELSE LIKE THAT.

14           AND SO WHAT I AM GOING TO DO IS CONTINUE THE

15   CHRISLEYS ON BOND.  BUT I AM GOING TO ADD TO THEIR BOND

16   CONDITIONS THAT THEY ARE ON HOME DETENTION EXCEPT TO ATTEND

17   APPOINTMENTS FOR -- THAT ARE WORK-RELATED, RELATED TO RELIGIOUS

18   OBSERVATIONS, AND FOR MEDICAL PURPOSES.

19           ALSO, I AM GOING TO PUT INTO PLACE A REQUIREMENT

20   THAT, IF MORE THAN $1,000 EXPENDITURE OCCURS FOR ANY REASON,

21   THAT THEY NEED TO RUN THAT BY PROBATION FIRST FOR ANY EXPENSES

22   AT ALL.  AND I UNDERSTAND THAT MAY HAPPEN.  BUT NEED TO PUT

23   SOME KIND OF MONITORING ON SPENDING OF ANY MONEY WHICH THEY ARE

24   STILL IN POSSESSION OF.  SO THAT WILL BE REQUIREMENT, TOO, BUT

25   PROBATION WILL GO OVER THAT MORE WITH YOU.

3399

1      WE DO HAVE SOMEONE COMING FROM PROBATION.  IT WILL

2  EITHER BE KEN JEFFERS OR ABNER ALBALADEJO-TORRES, WITH WHOM WE

3  JUST SPOKE, THAT WILL GO OVER THESE THINGS WITH THE CHRISLEYS

4  BEFORE THEY LEAVE HERE TODAY.

5      WITH RESPECT TO MR. TARANTINO, I AM AT THIS TIME

6  FINDING THAT THERE HAS BEEN NO CLEAR AND CONVINCING EVIDENCE

7  THAT HE WOULD FAIL TO APPEAR OR FLEE AS WELL.  AND I AM NOT

8  GOING TO CHANGE HIS BOND CONDITIONS.  THE SAME BOND CONDITIONS

9  WILL REMAIN IN PLACE AS HE IS CURRENTLY UNDER.

10      ALL RIGHT.  DOES ANYONE WISH TO BE HEARD FURTHER ON

11  ANYTHING ELSE RELATED TO THIS?  GOVERNMENT?

12      MR. KREPP:  ONE SECOND, YOUR HONOR.

13      THE COURT:  SURE.

14      AND, MR. MORRIS, I DID NOT HEAR YOU MENTION ANYTHING

15  WITH RESPECT TO TODD CHRISLEY'S PASSPORT STATUS.  I HEARD THAT

16  JULIE'S HAS BEEN REVOKED -- OR RESCINDED, I BELIEVE.  BUT --

17      MR. MORRIS:  NO, I SAID MR. CHRISLEY'S HAS BEEN

18  SURRENDERED AS A CONDITION OF HIS BOND.  HE DOES NOT HAVE IT.

19      THE COURT:  OKAY.

20      MR. MORRIS:  I DON'T KNOW IF IT'S STILL IN THE

21  POSSESSION OF PRETRIAL SERVICES OR IF THEY SEND IT IN

22  SOMEWHERE.  HE DOES NOT HAVE IT.

23      THE COURT:  ALL RIGHT.

24      GOVERNMENT.

25      MR. KREPP:  BRIEFLY, YOUR HONOR, JUST WANT TO BE

3400

1    CLEAR:  BY HOME DETENTION, THE COURT ALSO MEANT LOCATIONAL

2    MONITORING, OR IF IT WAS SIMPLY AN ORDER TO REMAIN AT HOME.

3              THE COURT:  I DID SAY HOME DETENTION.  I WAS THINKING

4    OF -- OKAY, IT IS LOCATION MONITORING.  WHAT WE WEREN'T SURE

5    ABOUT IS, BECAUSE THE CHRISLEYS -- MR. TARANTINO LIVES WHERE

6    NOW, MR. GRIFFIN?

7              MR. GRIFFIN:  IN ROSWELL, GEORGIA.

8              THE COURT:  OKAY.  BUT THE CHRISLEYS WILL BE

9    SUPERVISED BY TENNESSEE.  AND I WASN'T SURE.  I REMEMBER ASKING

10   A QUESTION SIMILAR TO WHAT YOU'RE ASKING NOW BECAUSE I WASN'T

11   SURE ABOUT HOW THEY SUPERVISE THERE.  BUT IT WILL BE LOCATION

12   MONITORING AND HOME DETENTION WITH THE EXCEPTIONS OF THE TYPES

13   OF APPOINTMENTS THAT I ENUMERATED.

14             MR. KREPP:  THE ONLY CONCERN WE HAD WITH THE

15   WORK-RELATED CARVE-OUT IS, GIVEN THE NATURE OF THE DEFENDANTS'

16   EMPLOYMENT, WE UNDERSTAND THEY MAY HAVE TO FILM THINGS, BUT IT

17   SHOULD BE DONE AT THEIR HOME.  WE DON'T BELIEVE IT'S

18   APPROPRIATE FOR THEM TO BE FLYING BACK AND FORTH TO LOS

19   ANGELES, FOR INSTANCE, TO ATTEND HOLLYWOOD GALAS, THAT SORT OF

20   THING, IF THEY ARE GOING TO SOMEHOW ARGUE THAT'S WORK-RELATED.

21   SO WE WOULD ASK THAT THE WORK-RELATED BE RESTRICTED TO

22   TENNESSEE AND NOT ELSEWHERE IN THE COUNTRY.

23             THE COURT:  I WON'T DO THAT.  THANK YOU, THOUGH, FOR

24   YOUR REQUEST.

25             ANYTHING ELSE?

1            MR. MORRIS:  THE ONLY QUESTION I HAD, YOUR HONOR, IS

2    WITH REGARD TO TRAVEL RESTRICTIONS, AS LONG AS MR. CHRISLEY AND

3    I GUESS MRS. CHRISLEY, GET PRIOR APPROVAL FROM THEIR PRETRIAL

4    SERVICES OFFICER, MAY THEY TRAVEL TO ATLANTA TO MEET WITH THEIR

5    LAWYERS?

6            THE COURT:  YES.

7            MR. MORRIS:  OKAY.  THANK YOU.

8            THE COURT:  LEGAL APPOINTMENTS, TOO.

9            MR. MORRIS:  THANK YOU.

10           THE COURT:  ANYTHING ELSE ON BEHALF OF ANY OF THE

11   DEFENDANTS?

12           MR. MORRIS:  THANK YOU.  NO, YOUR HONOR.

13           MR. ANULEWICZ:  NO, YOUR HONOR.

14           MR. MORRIS:  APPRECIATE IT.

15           MR. GRIFFIN:  NO, YOUR HONOR.

16           THE COURT:  ALL RIGHT.  DEFENSE, YOU ARE TO REMAIN

17   HERE WITH YOUR CLIENTS UNTIL SOMEONE DOES ARRIVE FROM THE NINTH

18   FLOOR.  IF THEY WILL CHECK BACK IN HERE TO MAKE SURE THAT THEY

19   HAVE SOON.  IF THEY HAVE NOT, WE'LL GIVE THEM A CALL AGAIN AND

20   MAY SEND YOU OVER TO THEIR OFFICE ON THE NINTH FLOOR.  BUT YOU

21   ARE TO REMAIN IN THE COURTROOM UNTIL THAT HAPPENS.

22           IS THERE ANYTHING ELSE FROM ANYBODY ELSE?

23           MR. KREPP:  NOT FROM THE GOVERNMENT, YOUR HONOR.

24   THANK YOU.

25           THE COURT:  THANK YOU.

3402

1          ALL RIGHT.  THANK YOU.  WE'RE ADJOURNED.

2          THE COURTROOM SECURITY OFFICER:  ALL RISE.

3                   (PROCEEDINGS CONCLUDED AT 2:46 P.M.)

4                        -   -   -

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3403

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF GEORGIA

3    CERTIFICATE OF REPORTER

4

5

6         I DO HEREBY CERTIFY THAT THE FOREGOING PAGES ARE A

7    TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN DOWN BY

8    ME IN THE CASE AFORESAID.

9         THIS, THE 6TH DAY OF SEPTEMBER, 2022.

10

11

12

13                    /S/ ELIZABETH G. COHN

14                    _____
                     ELIZABETH G. COHN, RMR, CRR
                     OFFICIAL COURT REPORTER

15

16

17

18

19

20

21

22

23

24

25